# EXHIBIT A

51445857.v1-Ogletree

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Kevin Murray</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Bombardier Aerospace Inc aka Bombardier Learjet</u>
Defendant

II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

III.   TYPE OF CASE   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

KEVIN MURRAY,                           Case Number:

    Plaintiff,

vs.

**BOMBARDIER AEROSPACE INC.**,
aka **BOMBARDIER LEARJET**,
    a Foreign for Profit Corporation,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, KEVIN MURRAY, (hereinafter called "Plaintiff" or "MURRAY"), by and through his undersigned counsel, and hereby sues Defendant, BOMBARDIER AEROSPACE, INC., aka BOMBARDIER LEARJET (hereinafter called "Defendant," "Employer" or "Bombardier"), and states as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory, permanent injunctive, and monetary relief brought by Plaintiff to redress the deprivation of civil rights as prohibited by Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), and Florida Civil Rights Act, Florida Statutes, §§ 760.10, *et seq.* ("FCRA"), which prohibit, *inter alia,* the discriminatory denial of terms and conditions of employment, including loss of compensation from, discharge from employment, hostile work, and other adverse actions based on race, color, national origin, or age.

2. The unlawful actions of BOMBARDIER have caused MURRAY extreme mental anguish, outrage, depression, painful embarrassment among his family, friends, and former

fellow employees, stress-induced insomnia, humiliation, disruption of his personal life, and loss of the ordinary pleasures of everyday life.

## II. JURISDICTION AND VENUE

3. As this action arises under Title VII and Section 1981, jurisdiction is founded on 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(4) and respectively.

4. The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Furthermore, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, *et seq.*, ("FCRA").

6. Venue is proper in this Court as all acts and omissions giving rise to the claims and other adverse actions relevant to this cause occurred in Broward County, which is also a location of BOMBARDIER place of business.

## III. SATISFACTION OF CONDITIONS PRECEDENT

7. Plaintiff has exhausted his Title VII and FCRA administrative remedies, pursuant to 42 U.S.C. § 2000e5(f)(3) and Fla. Stat.§ 760.11(1), by filing charges of unlawful race and retaliatory discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. The EEOC issued the Plaintiff a Notice of the Right to Sue that was received on June 6, 2022, within 90 days of his receipt of which he initiated this action.

9. As to the FCRA, more than 180 days elapsed from his filing the Charges of Discrimination without the FCHR either conciliating the charges or making a finding adverse to him.

## IV.     PARTIES

10. Plaintiff is a citizen of the United States of America and resides in Miami Dade County, Florida.

11. Defendant BOMBARDIER is a Foreign for-profit corporation existing under the laws of Canada with its principal place of business at One Learjet Way, Wichita, KS, 67209, but licensed to and doing business within this judicial district and is an employer within the scope of Title VII and FCRA.

## V.     FACTUAL ALLEGATIONS

12. At all times relevant and material, Plaintiff was employed by BOMBARDIER and Plaintiff was qualified for and performed satisfactorily in all positions he held and applied for with Defendant.

13. During his employment, and particularly from on or about from July 29, 2002, through the termination of his employment, with regard to this action, Plaintiff endured a continuous pattern of intentionally demeaning, derogatory, racially discriminatory, and unlawfully retaliatory conduct designed to destroy his ability to work in a professional environment.

14. At all times relevant and material, Plaintiff in this action was an employee of BOMBARDIER.

15. Plaintiff, an African American male, commenced his employment with BOMBARDIER, at its place of business in Fort Lauderdale, Florida, on or about July 29, 2002, as an Air, Frame, and Power Plant technician.

16. At all times relevant and material, Plaintiff is an African American male, who is a member of protected classes.

17. At all times relevant and material, the Plaintiff was qualified for and performed satisfactorily in all positions he held with BOMBARDIER prior to the discriminatory and retaliatory acts complained of herein.

18. Between July 29, 2002 and until his termination, MURRAY:

    a. received no unbiased or objectively fair negative job performance evaluations.

    b. received no unbiased or objectively fair negative discipline for misconduct.

19. From the beginning of his employment until he was constructively discharged, Plaintiff outperformed and trained his similarly situated Caucasian employees that were given a full-time position over him.

20. From the beginning of his employment until he was constructively discharged, BOMBARDIER allowed some of its Caucasian employees to have confederate rebel flags on their toolboxes.

21. From the beginning of his employment until he was constructively discharged, Plaintiff was paid less wages than his similarly situated Caucasian counterparts, despite outperforming them.

22. From the beginning of his employment until he was constructively discharged, Plaintiff applied for supervisory positions and was denied; however, his similarly situated Caucasian counterparts were promoted to these positions.

23. From the beginning of his employment until he was constructively discharged Plaintiff was denied adequate raises that were given to his similarly situated Caucasian counterparts even though Plaintiff outperformed them.

24. From the beginning of his employment until he was constructively discharged, Plaintiff was denied schooling which affected his opportunity for advancement at BOMBARDIER, while

his similarly situated Caucasian counterparts were afforded these opportunities.

25. From the beginning of his employment until he was constructively discharged, Plaintiff was given more difficult projects than similar situated Caucasian counterparts and paid less money.

26. From the beginning of his employment until he was constructively discharged, Plaintiff suspected that African American employees at BOMBARDIER were paid less than similarly situated Caucasian counterparts.

27. In 2019, during the course of a company investigation Murray complained to James Heasley, ("Mr. Heasley"), the operations manager, that African American employees at BOMBARDIER were paid less than similarly situated Caucasian counterparts.

28. Mr. Heasley told Murray that he was probably making more money than he should in the presence of Gabriel Zaidman, the head of the human resources department.

29. Murray's work was sabotaged after he complained that African American employees at Bombardier were being paid less than similarly situated Caucasian counterparts.

30. Tim Freeman, Murray's supervisor, advised Murray that Ramon Rios ("Mr. Rios"), a lead technician, was trying to set Murray up to fire him.

31. Murray was wrongfully accused and held responsible for a spot of paint missing on an airplane by Mr. Rios after Murray complained about the disparity in pay.

32. The lead painter Chris Leptien, ("Mr. Leptien"), advised Murray that he offered to touch up the spot on the plane; however, Mr. Rios refused to allow Mr. Leptien to touch up the spot and demanded that Murray be terminated.

33. Dave Leadley, ("Mr. Leadley"), another one of Murray's lead technicians, asked Murray to address an incomplete work order that Murray was not responsible for.

34. Mr. Leadley abusively advised Murray "What are you correcting me now, go work on my 'expletive' airplane."

35. On April 8, 2020, Murray was furloughed at as a result of the COVID pandemic.

36. In February of 2021, Murray was constructively discharged due to the hostile work environment that he faced at Bombardier, in which Bombardier took no corrective action to remedy.

37. Plaintiff continued to suffer harassment and discrimination in the workplace and, until he was terminated, was subjected to unprecedented scrutiny and orders based upon his complaints of being targeted as the victim of racial harassment.

### VI. CLAIMS FOR RELIEF
### COUNT I
### (Race Discrimination in Violation of Title VII Section 1981 and FCHR)

38. Plaintiff re-alleges ¶¶ 1-29 and 36-37 above as though set forth herein.

39. BOMBARDIER conduct discriminated against MURRAY with respect to compensation, terms, and conditions or privileges of employment because of his race.

40. BOMBARDIER conduct was racially disparate from the way it acted towards and treated other non-black employees with whom Plaintiff was similarly situated: more specifically, including:

   a. Other non-black employees engaged in the same basic conduct (or alleged misconduct) as Plaintiff.

   b. Other non-black employees was subjected to the same employment policy, guideline, and/or rules of conduct as Plaintiff.

   c. Other non-black employees was under the jurisdiction of the same supervisor as

Plaintiff.

    d. Plaintiff had no unbiased or objectively fair prior instances of misconduct, and other non-black employees, therefore, could not have a more favorable disciplinary history.

    e. Other non-black employees was treated as, and received, the relief which Plaintiff sought

41. As a result of BOMBARDIER intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, loss of professional reputation and work experience, and physical, mental, and emotional distress.

42. The race discrimination Plaintiff suffered, in violation of his statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

43. Plaintiff is entitled to recover reasonable attorney's fees and mitigation expenses:

    a. pursuant to 42 U.S.C. § 2000e-5(k) for his Title VII and Section 1981 claims; and

    b. pursuant to § 760.11(5), Fla. Stat. (2011) for his FCRA claims.

WHEREFORE, Plaintiff, prays that this Court will:

*One*, issue a declaratory judgment that BOMBARDIER practices toward MURRAY violated his rights against discrimination under Title VII.

*Two*, enjoin BOMBARDIER and its agents from violating MURRAY's statutory rights under Title VII and Section 1981 and to make him whole through reinstatement, back pay and restoration of seniority and benefits to MURRAY.

*Three*, enter a judgment for MURRAY and against BOMBARDIER for damages.

*Four*, grant MURRAY his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant MURRAY such other and further relief as the circumstances and law provide.

## COUNT II
### (Retaliation in Violation of Title VII Section 1981 and FCHR)

44. Plaintiff re-alleges ¶ 1-19 and 29-37 above as though set forth herein.

45. Plaintiff reasonably believed that the race-based and retaliatory behavior to which he was subjected by BOMBARDIER from mid-2018, through the end of his employment, through his coworkers and BOMBARDIER supervisory and management personnel, constituted an unlawful employment practice under Title VII, Section 1981, and the FCRA.

46. The actions of BOMBARDIER in response to Plaintiff's opposition to those behaviors, employment actions and the interaction of management in response to his complaints would have been materially adverse to a reasonable employee, and to the point that they could well dissuade a reasonable worker from opposing an unlawful employment practice.

WHEREFORE, Plaintiff, prays that this Court will:

*One*, issue a declaratory judgment that BOMBARDIER practices toward MURRAY violated his rights against retaliation under Title VII, Section 1981 and FCHR.

*Two*, enjoin BOMBARDIER and its agents from violating MURRAY's statutory rights under Title VII, Section 1981, and FCHR and to make him whole through reinstatement, back pay and restoration of seniority and benefits to MURRAY.

*Three*, enter a judgment for MURRAY and against BOMBARDIER for damages.

*Four*, grant MURRAY his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant MURRAY such other and further relief as the circumstances and law provide.

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable by right.

Dated: September 5, 2022

                                                    Respectfully submitted,

                                                    <u>Colin H.F. Richards, Esq</u>.
                                                    Colin H.F. Richards (FBN: 0109234)
                                                    Colinrichardslaw@gmail.com
                                                    Colin Richards Law, P.A.
                                                    900 Osceola Drive, Suite 201
                                                    West Palm Beach, FL 33409
                                                    Telephone: (786) 286-0076
                                                    *Counsel for Plaintiff*

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

Case No: 22-13179

Kevin Murray
Plaintiff

Judge Division: 12

VS

Bombardier Aerospace Inc
Defendant

FILED
SEP 06 2022
By ______

**CLERK'S CERTIFICATE OF COMPLIANCE**

**I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to these two parties.**

**Listed below are all the aforementioned related cases:**

NONE

Brenda D. Forman
Circuit and County Courts

By: ______________________

Deputy Clerk

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

**KEVIN MURRAY,**             Case Number: CACE-22-013179

    Plaintiff,

vs.

**BOMBARDIER AEROSPACE INC.,**
aka **BOMBARDIER LEARJET,**
    a Foreign for Profit Corporation,

    Defendant.
_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

To: **BOMBARDIER AEROSPACE INC.,** aka **BOMBARDIER LEARJET,**
Address: 1200 South Pine Island Rd, Plantation, FL 33324.

### SUMMONS: PERSONAL SERVICE ON A COPORATION

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is service on you to file a written response to the attached complaint with the clerk of this court, located at: CLERK OF THE CIRCUIT COURT, 201 SE 6th St, Fort Lauderdale, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may the case, and your wages, money, and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" at: Colin Richards Law P.A., 900 Osceola Drive, Suite 201, West Palm Beach, FL 33409.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE22013179
JUDGE: Frink, Keathan B. (12)

**Kevin Murray**
Plaintiff(s),
vs.

**Bombardier Aerospace Inc**
Defendant(s).
_____/

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom   Zoom: https://17thflcourts.zoom.us/j/647324402   on   03-13-2023 9:00 AM   .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

KEVIN MURRAY,

    Plaintiff,

vs.

BOMBARDIER AEROSPACE INC.,
aka BOMBARDIER LEARJET,

    Defendant.
_____/

CASE NO.: CACE-22-013179
Division 12

## DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Defendant BOMBARDIER AEROSPACE INC. ("Defendant") hereby moves for a brief enlargement of time (until January 6, 2023) to serve its response to Plaintiff's Complaint. Plaintiff Kevin Murray ("Plaintiff") does not oppose the relief requested. In support of this Motion, Defendant states the following:

    1.    Plaintiff filed this action on September 5, 2022, but did not serve the Defendant until December 5, 2022. Defendant's response to the Complaint is therefore presently due no later than December 26, 2022.

    2.    The Defendant has just retained the undersigned counsel at Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), and undersigned counsel needs additional time to become familiar with the facts and to gather the information necessary to respond to the Complaint.

    3.    The additional time is particularly necessary given the intervening holiday season, when some businesses are closed and witnesses are on vacations. In addition, undersigned

counsel will be out of state visiting family for most of this week and the following week and will largely be unable to work on the response to the Complaint during that time.

4. Given the above, undersigned counsel for the Defendant requests that Defendant be given until January 6 to respond to the Complaint.

5. There presently are no trial or pretrial deadlines that would be affected by this request; nor would either party be unfairly prejudiced by granting the extension of time. This Motion is being made for good cause and not for the purpose of delay or any other improper purpose.

6. Undersigned counsel from Ogletree Deakins, David M. DeMaio, has communicated with counsel for the Plaintiff, Colin H.F. Richards, and the Plaintiff has no objection to the relief requested in this Motion.

For the foregoing reasons, Defendant respectfully requests that the Court enter an order enlarging until January 6, 2023, the time for Defendant to serve its response to Plaintiff's Complaint. Defendant is separately submitting an Agreed Order for the Court's convenience.

                Respectfully submitted,

                OGLETREE, DEAKINS, NASH,
                  SMOAK & STEWART, P.C.
                Two Datran Center
                9130 South Dadeland Blvd., Suite 1625
                Miami, Florida 33156
                Telephone: 305.374.0506
                Facsimile: 305.374.0456

                /s/ David M. DeMaio
                David M. DeMaio
                  Florida Bar Number 886513
                  david.demaio@ogletree.com

                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2022, I electronically filed the foregoing document through the Florida Court's E-Filing Portal and that the Portal was used as a means of service of this document this day upon all counsel of record identified in the attached service list.

s/ David M. DeMaio
David M. DeMaio

## SERVICE LIST

*Kevin Murray v. Bombardier Aerospace Inc.*
Seventeen Judicial Circuit in and for Broward County, Florida
CASE NO.: CACE-22-013179

Colin H.F. Richards, Esq.
colinrichardslaw@gmail.com
Colin Richards Law, P.A.
900 Osceola Drive, Suite 201
West Palm Beach, FL 33409
Telephone: (786) 286-0076

*Counsel for Plaintiff*

Method of Service: CM/ECF

David M. DeMaio
david.demaio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: (305) 374-0506
Facsimile: (305) 374-0456

*Counsel for Defendant*