UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-60012-SINGHAL

KEVIN MURRAY,

      Plaintiff,

v.

LEARJET INC.,
      a Foreign for Profit Corporation,

      Defendant.

_____/

**DEFENDANT'S MOTIONS *IN LIMINE*
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Learjet Inc. ("Learjet" or "Defendant"), pursuant to this Court's January 31, 2023 Order [D.E. 17], hereby files its Motions *in Limine* and Incorporated Memorandum of Law, and states as follows:

## I.      BACKGROUND

This is a nine-count action by Plaintiff Kevin Murray ("Plaintiff" or "Murray") alleging unlawful employment discrimination due to race (Black) (Counts I-III), hostile work environment and constructive discharge due to race (Black) (Counts IV-VI), and retaliation (Counts VII-IX) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts I, IV, VII), 42 U.S.C. §§ 2000e *et seq*., the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") (Counts III, VI, IX), and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.10 *et seq*. (Counts II, V, VIII).[1]

As detailed below, certain evidence – testimonial and documentary – Plaintiff may present at trial should be excluded from the trial of this matter.

## II.     LEGAL STANDARD

Trial judges are authorized to rule on motions *in limine* pursuant to the authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41, n.4 (1984).  Judges have broad discretion when ruling on such motions.  *See Jenkins v. Chrysler Motors Corp*., 316 F. 3d 663, 664 (7th Cir. 2002).  The purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of irrelevant or damaging evidence, which may irretrievably affect the fairness of the trial.  *Stewart v. Hooters of America, Inc*., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).  A motion *in limine* may also

---

[1] Plaintiff asserts three identical claims – race discrimination, hostile work environment, and retaliation – under three separate statutes – Title VII, Section 1981, and FCRA.

have an effect of reducing the number of interruptions during the trial itself.  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

"Relevant evidence consists of evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  *Stewart v. Daimler Chrysler Financial Services Americas, LLC*, No. 07-60510-CIV-UNGARO, 2008 WL 11333226, at *1 (S.D. Fla. June 19, 2008) (citing Fed. R. Evid. 401).  Evidence that is not relevant must be excluded under Rule 401 of the Federal Rules of Evidence.  Moreover, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence.  *Id.*  "Rule 403, as explained by the advisory committee notes thereto, requires the judge to 'balance the probative value of and the need for the evidence against the harm likely to result from its admission.'"  *Id.* (citing *Noel Shoes, Inc. v. United States*, 721 F.2d. 327, 329 (11th Cir. 1983) (holding that it is within the discretion of the trial judge to exclude evidence under Rule 403)).

## III.    LEGAL ARGUMENT – MOTIONS *IN LIMINE*

### *Motion in Limine No. 1 - Pay Discrimination is released.*

In September 2019, following an audit by the Department of Labor Office of Federal Contract Compliance Programs ("DOL OFCCP") at the Defendant's Fort Lauderdale Florida Service Center, Learjet entered into a conciliation agreement with the DOL OFCCP.  As part of the conciliation process, Murray and other minority Lead A&P Techs and A&P Techs received notice about the Conciliation Agreement and were given opportunity to opt-into a settlement related to the alleged unequal pay practices.

On or about October 16, 2019, Plaintiff tendered a signed release of claims related to his compensation in exchange for payment of $4,612.86. Plaintiff's Release of Claims Under Executive Order 11246 states in section I as follows:

> I hereby waive, release and forever discharge Learjet Inc., its predecessors, successors, related entities, parents, subsidiaries, affiliates and organizations, and its and their shareholders, directors, officers, employees, agents, successors, and assigns, of and from any and all actions, causes of action, damages, liabilities, and claims arising out of or actionable under Executive Order 11246, as amended, which I or my representatives (heirs, executors, administrators, or assigns) have or may have which related in any way to my compensation as a Technician on the basis of my race/ethnicity at any time prior to the date of my signature of this Release.

See Plaintiff's Release of Claims Under Executive Order 11246 (**Exhibit 1**). Importantly, the conciliation agreement expressly stated that Learjet denied violating any laws in connection with the settlement. Therefore, Defendant moves this Court *in limine* for an order that Plaintiff, his attorneys, and any witness shall not refer to, argue, interrogate any witness concerning, submit evidence regarding, comment upon, or otherwise mention at the trial, whether during *voir dire*, opening statements, trial or closing arguments, any evidence regarding any alleged discriminatory pay practices by Learjet.

Here, it is undisputed that Plaintiff's Release of Claims between Murray and Learjet is binding as it reflects an agreement as to all material terms between them, as well as an intention of the parties to be bound. To that end, Plaintiff does not and cannot claim that Learjet has not fulfilled its side of the bargain by tendering payment of $4,612.86 to Murray. In exchange for that payment, Plaintiff agreed "not file any lawsuit against Learjet Inc. for allegedly violating Executive Order 11246 in its compensation of employees in Technician positions." *Id*. Moreover, the Release goes on to state that Plaintiff waived, released, and discharged Learjet "of and from any and *all actions*, *causes of actions*, *damages*, *liabilities* and *claims arising out of* or

3

actionable under Executive Order 11246" which relate "in any way to [Plaintiff's] compensation as a Technician on the basis of [his] race." *Id*. (emphasis added). In light of Defendant's performance on this contract and language of the release, Plaintiff is now barred from using any alleged improper pay practices in support of his discrimination claims.

Evidence related to Learjet's pay practices is not relevant to any of Murray's claims because of the Release language. In other words, Plaintiff cannot rely on Learjet's alleged improper pay practices to bolster his discrimination or hostile work environment claims. Moreover, even if evidence of the alleged improper pay practices is somehow relevant as background evidence, its limited probative value is outweighed by the danger of unfair prejudice and should be excluded. *See, e.g.*, *Xu v. Board of Trustees of University of Florida*, No. 1:09-cv-00187-MP-GRJ, 2012 WL 12964854, at *2-3 (N.D. Fla. Feb. 16, 2012) (granting defendant's motion *in limine* in an employment discrimination case and excluding all "evidence of conduct prior to the 2000 settlement agreement" because its introduction would be "highly prejudicial.").

Likewise, Plaintiff should also be precluded from using the Release of Claims document itself to support his discrimination claims because introduction of that document will likely confuse the jury.

Accordingly, Defendant respectfully asks the Court to grant its motion *in limine* ordering Plaintiff, his attorneys, and any witness not to refer to, argue, interrogate any witness concerning, submit evidence regarding, comment upon, or otherwise mention at the trial, whether during *voir dire*, opening statements, trial or closing arguments, any evidence regarding any alleged discriminatory pay practices by Learjet.

*Motion in Limine No. 2 – DOL OFCCP Audit; Conciliation Agreement with the DOL OFCCP; and Plaintiff's Release of Claims.*

Plaintiff's First Amended Complaint is littered with references to the DOL OFCCP's compliance audit and subsequent conciliation agreement entered between DOL OFCCP and Learjet.  *See, e.g.*, First Amended Complaint ¶¶ 64-66, 84 [D.E. 36].  Moreover, during written discovery phase, Plaintiff requested and Defendant produced voluminous documents related to the DOL OFCCP audit.  As such, it is clear that Plaintiff intends to introduce evidence of the audit and the conciliation agreement, including Plaintiff's Release of Claims.

As a threshold matter, the DOL OFCCP audit file – with the exception of the conciliation agreement – is inadmissible hearsay.  *EEOC v. Sharp Mfg. Co. of Am.*, No. 06-2611, 2008 WL 189847, at *2 (W.D. Tenn. Jan. 22, 2008) (precluding admission of affidavits collected in the course of an EEOC investigation, on the grounds that they are inadmissible hearsay and were prepared by the EEOC in anticipation of litigation).  As such, any underlying material collected during the DOL OFCCP audit and investigator's notes, must be precluded as inadmissible hearsay.

Moreover, any probative value of the DOL OFCCP audit or its investigation into Learjet's pay practices would be substantially outweighed by the risk of undue prejudice to Learjet.  For example, the Sixth Circuit has found that "an EEOC cause determination carries an evidentiary value of practically zero."  *EEOC v. Ford Motor Co.*, No. 95-3019, 1996 WL 557800, at *10 (6th Cir. Sept. 30, 1996).  The court continued, "a district court does not err as a matter of law by categorically refusing to admit EEOC cause determinations."  *Id*. at *12*; see also Gonzalez v. Ford Motor Co.*, No. 1:12-cv-00535-TWP-MJD, 2014 WL 6895787, at *5 (S.D. Ind. Dec. 5, 2014) (excluding *in limine* EEOC determination and proposed conciliation agreement); *Dindinger v. Allsteeel, Inc.*, No. 3:11-cv-00126-SMR-CFB, 2016 WL 7426580, at *8 (S.D. Iowa Jan. 4, 2016) (excluding results of an OFCCP audit because "danger of prejudice

was . . . high" and finding that "[a]dmitting the results of the OFCCP audit would have thus amounted . . . to admitting the opinion of an expert witness as to what conclusions the jury should draw") (quoting *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984)); *Lizotte v. Dacotah Bank*, 677 F. Supp. 2d 1155, 1172 (D.N.D. 2010) (excluding conclusions of Department of Labor and EEOC from civil rights lawsuit).

Likewise, the conciliation agreement and Plaintiff's Release of Claims are not admissible under Fed. R. Evid. 408.  Specifically, Rule 408 provides, in pertinent part, that

> [e]vidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering-or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim.

Fed. R. Evid. 408(1).  Thus, given that both the conciliation agreement and Plaintiff's Release of Claims are evidence of furnishing of "valuable consideration in compromising a claim," Rule 408 bars their admission.

For the reasons set forth above, Learjet requests that the Court preclude Plaintiff from testifying or introducing evidence regarding the DOL OFCCP audit and investigation, conciliation agreement between the DOL OFCCP and Learjet, and Plaintiff's Release of Claims.

*Motion in Limine No. 3 – Statute of Limitations.*

The statute of limitations for a claim under Section 1981 is four years.  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338-39 (11th Cir. 2008).  This limitations period begins to run when an adverse employment decision is made and communicated to the employee.  *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258-59 (1980) (limitations period began when the employer informed the employee of a negative employment decision).

Here, Murray first asserted his Section 1981 claims against Defendant when he filed his Complaint on September 5, 2022 in the Circuit Court of the Seventeenth Judicial Circuit in and For Broward County, Florida.  *See* **Exhibit 2** for a file-stamped copy of Plaintiff's original Complaint filed in Florida Circuit Court.  Thus, in order for Plaintiff's Section 1981 not to be time-barred, the adverse employment action Plaintiff bases his claim on must have occurred on or after September 6, 2018.

Based on his deposition testimony, Plaintiff likely will attempt to introduce the following pre-September 2018 statute–of-limitations-barred alleged incidents of unlawful harassment or discrimination: (1) sometime in 2017, one of Plaintiff's supervisors assigned Plaintiff a difficult and stressful task of an engine change; and (2) sometime before 2018, another supervisor assigned Plaintiff another stressful and difficult task of fixing a brake problem on an airplane at the Miami Airport for an important customer.

Generally, pre-statute of limitations evidence is presumptively inadmissible.  *Franklin v. Consol. Edison Co. of New York, Inc.*, No. 98-Civ-2286, 2000 WL 1863767, at * 1 (S.D.N.Y. Dec. 19, 2000) ("[P]re-statute of limitations evidence is presumptively inadmissible, so as not to confuse the jury between actionable and non-actionable conduct.").   However, the Supreme Court has established that a discriminatory act which is not made the basis of a timely charge, may nonetheless "constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."  *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).  Nonetheless, a district court is not compelled to admit such evidence.  Instead, the trial court has discretion to decide whether such evidence is admissible under the ordinary standards of probity and prejudice."  *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1211 (2d Cir. 1993) (affirming exclusion of evidence to time-barred allegations of prior failures to promote).

In this district, in order to be admissible, plaintiffs must show relationship between the alleged pre-statute-of-limitations conduct and their allegations that fall within the statute of limitations. *See, e.g.*, *Fuller v. Edwin B. Stimpson Co., Inc.*, No. 11-61574-CIV-ROSENBAUM, 2013 WL 11941578, at *2 (S.D. Fla. Sept. 19, 2013). Here, Plaintiff cannot show any relationship between pre-statute of limitations incidents and those that fall within Section 1981's statute of limitations.

Moreover, Fed. R. Evid. 403 also warrants exclusion of evidence or testimony of time-barred allegedly discriminatory acts. Under Rule 403, evidence may also be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The Court has broad discretion in determining matters of relevance. *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997).

Further, the introduction of time-barred allegedly discriminatory acts likely would serve to inflame the jury and may influence the jury to want to punish Defendant or to conclude that Defendant was liable for the allegations contained in the Complaint based on evidence or testimony of time-barred events. *See, e.g.*, *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) ("[e]vidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs."). For example, in *Annis v. Cty. of Westchester*, 136 F.3d 239, 246-47 (2d Cir. 1998), the court held that the trial court should have excluded all evidence of discriminatory conduct outside the statute of limitations because its

probative value was far outweighed by its tendency to confuse the jury and unfairly prejudice the defendants.

Accordingly, Defendant moves *in limine* to exclude all evidence of alleged discriminatory conduct that pre-dates September 6, 2018.

<u>*Motion in Limine No. 4 – Prior Lawsuits and Claims, including Noel Brown v. Learjet*</u>.

The Court should exclude any argument or evidence regarding other discrimination lawsuits or claims made against Learjet because such matters are not relevant to the claims asserted by Plaintiff in this case; any probative value of such evidence is substantially outweighed by the probability that it would cause unfair prejudice, confusion, and undue delay; and any such evidence would involve inadmissible hearsay that is not subject to any hearsay exception.

Learjet has been party to several lawsuits in which plaintiffs asserted various types of accusations, including employment lawsuits and charges of discrimination.  One of such cases is a case styled *Noel Brown v. Learjet, Inc.*, Case No. 23-CV-60011 that is currently pending in the United States District Court for the Southern District of Florida before District Judge Roy Altman.  Plaintiff in *Brown* asserted similar claims to Brown.  However, Murray and Brown worked on different shifts with different first-line supervisors.  While Brown can testify as a fact witness in this case, he should not be allowed to disclose the fact that he is also currently suing Learjet for discrimination.

Defendant anticipates that Plaintiff will attempt to introduce argument or evidence regarding these other lawsuits, including the *Brown* action, to bolster his claims and imply that the existence of multiple claims regarding alleged employment discrimination adds credibility to

his own allegations and should lead the jury to find in favor of Plaintiff regardless of whether Plaintiff has proven his claims in this case.

Such arguments and evidence should be excluded on multiple grounds.  First, other lawsuits and claims made against Learjet are not relevant to the claims asserted by Plaintiff in this case because they do not tend to make facts material to Plaintiff's claims more or less likely. Second, any relevance is substantially outweighed by the risk of unfair prejudice, confusion, and delay because Plaintiff would seek to imply that such other lawsuits and claims add credibility to his own claims, and Defendant would be forced to attempt to defend such lawsuits and claims in this case, resulting in confusion and delay.  Third, any accusations levied against Defendant in other cases are inadmissible hearsay.

The Court should exclude evidence regarding other discrimination lawsuits and EEOC charges of discrimination against Learjet because such evidence is not relevant to Plaintiff's claims.  *Khan v. H&R Block E. Enterprises, Inc.*, No. 11-20217-CIV, 2011 WL 4715201, at *1 (S.D. Fla. Oct. 5, 2011) (granting motion *in limine* to exclude evidence regarding other wage and hour lawsuits filed against defendant as irrelevant); *Davis v. Harris*, No. 03-3007, 2006 WL 3513918, at *3 (C.D. Ill. Dec. 5, 2006) ("The Court agrees that the existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial.").

As the Fifth Circuit Pattern Civil Jury Instructions explain:

> The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  *The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence*.

Pattern Civ. Jury Instr. 5th Cir. 3.6 (2020) (emphasis added).  In other words, the fact that other individuals brought suit or made claims against Defendant, including Brown, does not in any

way tend to establish that such individuals have meritorious claims and "is not evidence."  Just as Defendant could not offer evidence of other dismissed lawsuits or defense verdicts to demonstrate that Plaintiff's claims are without merit, Plaintiff cannot introduce evidence that other individuals have filed lawsuits or made employment discrimination claims against Learjet to demonstrate that Plaintiff's claims have merit.

Even if evidence regarding other lawsuits filed or discrimination claims made against Defendant were relevant – which they are not – the limited probative value of such evidence would be substantially outweighed by the danger of undue prejudice, confusion of the issues, and undue delay.  *See* Fed. R. Evid. 403.  The Court should exclude such evidence here.

Even in cases where evidence regarding other lawsuits has some relevance to pending issues, courts routinely exclude evidence of other lawsuits because of the danger of prejudice, confusion, and misleading the jury.  *See, e.g.*, *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (affirming district court's determination that evidence of another lawsuit against defendants would be unfairly prejudicial); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 581 (5th Cir. 1993) (affirming district court's decision to exclude evidence of other lawsuits against defendant and complaints because the probative value was substantially outweighed by the danger of unfair prejudice); *Smith v. E-backgroundchecks.com, Inc.*, No. 1:13-CV-02658-RGV, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015) (granting motion *in limine* to exclude evidence of other lawsuits because "the minimal value, if any, of such proof is substantially outweighed by the risk of unfair prejudice").

Likewise here, any slight probative value of evidence that others have filed suit or made claims against Defendant is dwarfed by the probability that it would cause Defendant undue prejudice, would confuse and mislead the jury, and would necessitate undue consumption of

time.  Plaintiff's effort to pile on accusations from additional individuals whose claims are not pending before this Court would prejudice Defendant because it would present the substantial danger that a jury could draw the unwarranted assumption that such allegations have merit or improperly conclude that Defendant is guilty of wrongdoing simply because multiple individuals have sued or made claims.

Further, to counter Plaintiff's presentation regarding other lawsuits or claims, Learjet would need to offer contrary evidence, including the testimony of witnesses to rebut the allegations raised in lawsuits or charges of discrimination that are not pending before this Court. In other words, the proceeding "would lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand," thereby compounding the prejudice to Defendant. *Smith*, 2015 WL 11233453, at 2.

The evidence presented in this case should be confined to the issues pending in this case, including whether Learjet discriminated against Murray on account of his race and/or subjected him to unlawful harassment because of his race.

Lastly, evidence of allegations, pleadings, and orders from other cases and claims is inadmissible hearsay insofar as Plaintiff would attempt to use such filings to prove the truth of the matters asserted in them.  Numerous courts have held that pleadings and rulings from other lawsuits constitute hearsay and are not admissible.  *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, No. 2:12-cv-243-FtM-38CM, 2014 WL 791505, at *2 (M.D. Fla. Feb. 24, 2014) (excluding any "references to allegations, petitions, complaints or claims against [defendant] in other suits" as hearsay).

<u>*Motion in Limine No. 5 – Me Too Evidence.*</u>

Learjet anticipates Murray will seek to introduce evidence of other individuals who may claim they felt discriminated against at Learjet.  Learjet also anticipates Murray will introduce testimony of Carla Sephestine, current Learjet Auto Time Network Manager.  At her deposition, Ms. Sephestine – who identifies as Black/Jamaican – testified that she felt it was unfair that Learjet did not select her for the position of Senior H.R. Business Partner in 2019.  Ms. Sephestine expressly denied that her race or any other protected trait had anything to do with the company's decision.  In other words, she merely testified that she felt Learjet made a bad and unfair business decision.  Nonetheless, Plaintiff's counsel pressed Ms. Sephestine to agree that it must have been her race that prevented her from being promoted in 2019.  While Ms. Sephestine ultimately did not agree with Plaintiff's counsel, Defendant anticipates that Plaintiff will once again extensively question Ms. Sephestine about her application for the Senior H.R. Business Partner position in 2019.

First, this evidence is irrelevant to Murray's claims under Fed. R. Evid. 401.  The allegations of other employees are simply not relevant to Murray's claims.  Whether "me too" evidence is admissible depends on its relationship "to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).  While witnesses are free to testify on the issue of race harassment in support of Plaintiff's hostile work environment claim, they should be precluded from offering specific testimony that "they too" were victims of discrimination or retaliation.  *See, e.g.*, *Goff v. Continental Oil Co.*, 678 F.2d 593, 596-97 (5th Cir. 1982) (holding that former employees' testimony alleging discrimination was inadmissible); *Williams v. Boorstin*, 663 F.2d 109, 115 n.38 (D.C. Cir. 1980) (holding that evidence of systematic or general instances of discrimination can only be collateral to evidence of specific discrimination against the actual plaintiff where allegations are not class-based);

*Myers v. Glynn-Brunswick Mem'l Hosp.*, 683 F. Supp. 1387, 1392 (S.D. Ga. 1988) (holding that "a plaintiff cannot prove his case of discrimination simply by arguing that others were victims of discriminatory treatment"); *cf. Busby v. City of Orlando*, 931 F.2d 764, 785 (11th Cir. 1991) (holding that "me too" evidence was admissible as relevant to hostile work environment claims because it "goes directly to the issue of racial harassment on the job").

Second, "me too" evidence such as that expected to be introduced by Murray is improper character evidence pursuant to Rule 404(a)(1).  Murray hopes to convince the jury that Learjet treated him unfairly because other witnesses say that Learjet treated *them* unfairly.  That is exactly the danger that Rule 404 seeks to prevent – and the prohibition Murray seeks to circumvent.

Third, the evidence should be barred because its admission will unduly consume limited trial time and far outweigh any probative value.  For each "me too" witness who testifies, Learjet would have to offer its own witnesses and documents to rebut the "me too" witness's testimony. The "me too" mini-trials will consume hours that should be devoted to litigating Murray's claims.

Fourth and finally, the evidence should be barred because its admission will confuse the issues, mislead the jury and cause unfair prejudice that outweighs any probative value under Rule 403.  Even if minimally relevant, the introduction of such testimony would be highly prejudicial to Learjet by Murray attempting to portray Learjet as a "bad" company based on testimony of "me too" witnesses.  No matter how many limiting instructions the Court gives jurors, the cumulative effect of "me too" evidence likely will affect them improperly.

*Motion in Limine No. 6 – Lay Witnesses' Opinion Testimony that Plaintiff was Discriminated Against.*

The Court should not allow opinion testimony from lay witnesses that Learjet discriminated against Plaintiff. Pursuant to Federal Rule of Evidence 701, lay witness testimony must be limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

In employment discrimination cases, "Rule 701 bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment action." *Barnett v. PA Consulting Group, Inc.*, 35 F. Supp. 3d 11, 21 (D.D.C. 2014). While lay witnesses "are free to testify fully as to their own observations of the defendant's interactions with the plaintiff or with other employees," their "opinion as to the defendant's ultimate motivations will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inferences as to whether or not the defendant was motivated by an impermissible animus." *Id.*; *see also Coles v. Perry*, 217 F.R.D. 1, 8 (D.D.C. 2003) ("While [witness] might be able to testify as to what she saw and heard, her divination of why [employer] acted crosses the line from a legitimate opinion based on a perception to a speculation as to [the employer's] motives."); *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 624 (1st Cir. 1988) (lay opinion testimony which does little more than tell the jury what result to reach, should not be admitted); *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) ("[I]n an employment discrimination action, Rule 701 bars lay opinion testimony that mounts to a naked speculation concerning the motivation for a defendant's adverse employment decision.").

The same rule applies here.  Plaintiff should not be allowed to parade witnesses before the jury to offer bare opinion testimony that Plaintiff was treated wrongfully or discriminated against.  Such evidence should be excluded *in limine*.

<u>*Motion in Limine No. 7 – Exclude Any Evidence of Alleged Comparators.*</u>

Any evidence relating to other Learjet employees at the Fort Lauderdale Service Center who Plaintiff contends are "comparators" should be excluded because no other employees were similarly situated to Plaintiff.  To show that other employees are similarly situated, a plaintiff must show that those employees are similarly situated to him in all relevant aspects.  *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).  In determining whether employees are similarly situated, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.  *Id*.

Here, Plaintiff cannot point to any adverse employment action that Learjet took against him during his 19-year tenure with the company.  To the extent Plaintiff's relies on his assertion that management assigned him undesirable or difficult tasks, Murray cannot point to another similarly situated A&P Technician at the Fort Lauderdale location who was treated more favorably than he.

In short, any comparator evidence proffered by Plaintiff would be irrelevant and inadmissible.  Alternatively, the probative value of any such evidence is outweighed by the risk of unfair prejudice to Defendant and misleading the jury.

<u>*Motion in Limine No. 8 – "David and Goliath" Evidence and Arguments*</u>.

Plaintiff should be precluded from making any comment or reference to Learjet's size or wealth during the liability phase of this trial, including any comments or references that characterize this case as one involving an individual against a large organization.  Similarly,

direct or indirect references to Learjet's ability to pay judgment, ability to afford counsel, the number of attorneys appearing on its behalf, costs of defense, the nature or number of exhibits, demonstrative exhibits and other evidence, witness fees, or any inference that this is a "David and Goliath" situation should be precluded.  This improper commentary is immaterial and irrelevant to Plaintiff's legal claims.

Florida district courts recognize that comments about a corporate party's size or wealth could appeal to the sympathy of the jury and improperly influence the jury's decision.  This is because "the relative wealth of the parties should not be the focus of the trial."  *Delta T, LLC v. Dan's Fan City, Inc.*, No. 8:19-cv-1731-VMC-SPF, 2021 WL 2159889, at *3 (M.D. Fla. May 27, 2021); *see also Wherevertv, Inc. v. Comcast Cable Communications, LLC*, No. 2:18-cv-529-WJF-NPM, 2023 WL 2664200, at *7-8 (M.D. Fla. Mar. 28, 2023) (granting motion *in limine* to exclude irrelevant and prejudicial financial information); *Balu v. Costa Crociere S.p.A, Company*, No. 11-CV-60031-UNGARO, 2011 WL 13217270, at *1 (S.D. Fla. Nov. 3, 2011) (granting motion *in limine* and barring plaintiff from introducing "evidence regarding the size, value, or assets of Costa, to make a 'David and Goliath' argument to the jury.").

Accordingly, Defendant requests the Court to exclude any evidence, reference, comment or testimony regarding Learjet's size or wealth.

<u>*Motion in Limine No. 9 – Exclude Reference to the Size or Specialty of the Law Firm Representing Defendant.*</u>

Defendant's counsel and its law firm – Ogletree Deakins – regularly defend businesses in discrimination lawsuits, such as this one.  No reference should be made to the size, number of offices, or specialization of the law firm representing Defendant because any such reference is irrelevant and would be unfairly prejudicial.  The size, number of locations, and specialization of the law firm representing Defendant in this case is not relevant to any disputed issue.  It not only

17

suggests a financial advantage on the part of Learjet, but it also seeks to appeal to possible geographic and socio-economic prejudices of jury members.  Thus, Plaintiff should be prohibited from referring to the size, number of locations, or specialization of defense counsel's law firm.

*Motion in Limine No. 10 – Exclude Any Evidence Not Disclosed by Plaintiff During Discovery.*

Plaintiff should be prohibited from introducing any testimony from witnesses who were not disclosed in discovery.  Plaintiff should also be prohibited from introducing any documents or other materials (or reference to documents or other materials) that were not produced in discovery.

*Motion in Limine No. 11 – Evidence Regarding Discovery Objections.*

The parties should not be permitted to make any argument or reference to another party's objections to written discovery or deposition questions in this case because such objections should be rules upon by the Judge and not by the jury.  For example, counsel should be prohibited from arguing that certain facts could have been proven but for the objections of the opposing party or from stating that "Defendant refused to produce _____."

Discovery objections and disputes are not "evidence" and are not relevant to the merits of Plaintiff's claims in this lawsuit.  Even if the discovery objections and disputes had some probative value (which they do not), it would be outweighed by dangers that it "could unduly prejudice the jury." *Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-cv-695-FtM-38CM, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015) (granting motion *in limine* and excluding objections made during pretrial discovery); *Amegy Bank Nat. Ass'n v. DB Private Wealth Mortg., Ltd.*, No. 2:12-cv-243-FtM-38CM, 2014 WL 791505, at *3 (M.D. Fla. Feb. 24, 2014) (same).

*Motion in Limine No. 12 – Exclude Evidence of Plaintiff's Good Character.*

Plaintiff may want to call witnesses to testify that he was a good employee, had a good career with Learjet, or, to say that he just generally is a good person.  In this case, there is simply no dispute regarding the quality of Plaintiff's job performance.  He cannot point to a single adverse or disciplinary action that Defendant management took against him.

"Generally, if the evidence is introduced for the purpose of showing that a person acted in accordance with his character on a given occasion, then the evidence is inadmissible unless it falls within one of the exceptions noted in [Fed. R. Evid.] 404." *Abella v. Rodriguez*, No. 18-24889-CV-GRAHAM, 2021 WL 6932178, at *1-2 (S.D. Fla. July 19, 2021).  Rule 404(a)(3) and 404(b)(2) provide the exceptions to the general bar on character evidence applicable in civil cases.  *Id.*  These exceptions pertain to impeachment evidence and where evidence is offered "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*  None of these exceptions are applicable here.

Evidence about Plaintiff's good character is inadmissible.  It would be an error to admit it where there is no dispute regarding the quality of Plaintiff's job performance.  Because Plaintiff's job performance is not at issue in this case, therefore, the Court should exclude *in limine* any evidence or testimony about Plaintiff's good character.

**CONCLUSION**

For the foregoing reasons, Learjet respectfully requests the Court grant its Motions *in Limine*.

**CERTIFICATE OF GOOD-FAITH CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1**

Pursuant Local Rule 7.1, counsel for Defendant hereby certifies that, on December 27, 2023, he conferred in good faith via telephone with counsel for Plaintiff who indicated he opposes the relief requested herein.

Dated: January 26, 2024.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
(305) 374-0506
(305) 374-0456 (fax)

_s/ Gregory R. Hawran_
David M. DeMaio
david.demaio@ogletreedeakins.com
Florida Bar No. 886513
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

_Counsel for Defendant,_
  _Learjet Inc._

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Gregory R. Hawran*
Gregory R. Hawran

## SERVICE LIST

*Kevin Murray v. Learjet Inc.*
United States District Court, Southern District of Florida
CASE NO.: 0:23-cv-60012-SINGHAL

Colin H.F. Richards, Esq.
 colinrichardslaw@gmail.com
Colin Richards Law, P.A.
900 Osceola Drive, Suite 201
West Palm Beach, FL 33409
Telephone: (786) 286-0076

*Counsel for Plaintiff*

Method of Service:  CM/ECF

David M. DeMaio
 david.demaio@ogletree.com
Gregory R. Hawran
 gregory.hawran@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: (305) 374-0506
Facsimile: (305) 374-0456

*Counsel for Defendant*

59784746.v1-OGLETREE